## Mary T. Horstman, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 23,769. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOSEPH SABATH, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed March 25, 1918.

### Statement of the Case.

Action by Mary T. Horstman, plaintiff, against Chicago Railways Company, defendant, to recover for personal injuries sustained as the result of the sudden starting of one of defendant's cars while plaintiff, a passenger, was in the act of alighting. From a judgment for plaintiff for $3,300, defendant appeals.

PHILIP ROSENTHAL and WATSON J. FERRY, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

DELBERT A. CLITHERO and FRANK WENTWORTH SWETT, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 475*—*what evidence is inadmissible as part of res gestæ in action for injuries to passenger alighting from street car.* In an action by a passenger against a street railroad to recover damages for personal injuries, a conversation concerning plaintiff's injuries between herself and a sympathetic woman after the accident and after plaintiff had been put back on the car from which she fell while alighting, and the order of the conductor to the woman to "move on," were inadmissible because constituting no part of the res gestæ.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. EVIDENCE, § 76*—*when act or declaration part of res gestæ.* An act or declaration can only be considered as a part of the *res gestæ* when it illustrates, explains or interprets other parts of the transactions, of which it is itself a part.

3. EVIDENCE, § 444*—*when physician must base opinion upon objective symptoms.* A physician who has treated an injured person, but 3 years later makes an examination for the purpose of qualifying as an expert to testify as to the then condition of the patient, must base his opinion upon objective, not subjective, symptoms.

4. EVIDENCE, § 444*—*when physician may not testify as to subjective symptoms.* A physician who has not treated an injured person and makes an examination for the sole purpose of qualifying as a witness to the person's injuries may not testify as to subjective symptoms.

5. INSTRUCTIONS, § 88*—*what is an essential of instruction on preponderance of evidence.* An instruction on the preponderance of evidence in an action for personal injuries must have in it the element of the number of witnesses testifying on each side.